AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

— OFFENSE CHARGED —

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) &
28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*FILED*
*2016 MAY 26 3:40*
*SUSAN Y. SOONG*
*CLERK*
*U.S. DISTRICT COURT*
*NO. DIST. OF CA.*

— DEFENDANT - U.S —

▶ JAVIER CARLOS RIOS

DISTRICT COURT NUMBER

*CR16  0219*

### DEFENDANT

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form  BRIAN STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  Adam A. Reeves

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No    } give date filed

DATE OF ARREST ▶    Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:    Before Judge:

Comments:

*United States v. Jaswant Singh Gill and Javier Carlos Rios*

## Penalty Sheet

The maximum penalties for a conviction for both conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and wire fraud, in violation of 18 U.S.C. § 1343, are:

- a twenty (20) year term of imprisonment (18 U.S.C. § 1343);
- a $250,000 fine (or twice the gross gain/loss, whichever is greater) (18 U.S.C. § 3571(b)(3) and (d));
- a three (3) year term of supervised release (18 U.S.C. § 3583(b)(2));
- a $100 special assessment (18 U.S.C. § 3013(a)(2)(A)); and
- restitution and asset forfeiture in amounts to be determined by the Court.

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) &
28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2016 MAY 24 PM 3: 40
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA

WHO

### DEFENDANT - U.S.

▶ JASWANT SINGH GILL a.k.a JASON GILL

DISTRICT COURT NUMBER

CR 16   0219

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   BRIAN STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Adam A. Reeves

### DEFENDANT

#### IS NOT IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

#### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
} If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

*United States v. Jaswant Singh Gill and Javier Carlos Rios*

**Penalty Sheet**

The maximum penalties for a conviction for both conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and wire fraud, in violation of 18 U.S.C. § 1343, are:

- a twenty (20) year term of imprisonment (18 U.S.C. § 1343);
- a $250,000 fine (or twice the gross gain/loss, whichever is greater) (18 U.S.C. § 3571(b)(3) and (d));
- a three (3) year term of supervised release (18 U.S.C. § 3583(b)(2));
- a $100 special assessment (18 U.S.C. § 3013(a)(2)(A)); and
- restitution and asset forfeiture in amounts to be determined by the Court.

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

FILED

2016 MAY 24 P 3: 40

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES OF AMERICA,

V.

CR16    0219

WHO

JASWANT SING GILL a/k/a JASON GILL, and
JAVIER CARLOS RIOS,

SINGH

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire
Fraud; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this _24th_ day of

_May, 2016_.

Stephen Ybarra

_____ Clerk

Bail, $ no bail   arrest warrants for
                  both defendants

1   BRIAN J. STRETCH (CABN 163973)
    United States Attorney
2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,            )   CASE NO.
                                         )
12          Plaintiff,                   )   VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to
                                         )   Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud;
13      v.                               )   18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) –
                                         )   Criminal Forfeiture
14  JASWANT SINGH GILL                   )
        a/k/a JASON GILL, and            )   SAN FRANCISCO VENUE
15  JAVIER CARLOS RIOS,                  )
                                         )
16          Defendants.                  )
                                         )
17  ─────────────────────────────────────

18                          I N D I C T M E N T

19  The Grand Jury charges:

20                      INTRODUCTORY ALLEGATIONS

21  At all times relevant to this Indictment:

22      1.      The defendant, JASWANT SINGH GILL, who was also known as JASON GILL, was an

23  individual who resided in San Diego, California, and Atlanta, Georgia.

24      2.      The defendant, JAVIER CARLOS RIOS, was an individual who resided in National

25  City, California, in the San Diego metropolitan area.

26      3.      JSG Capital Investments LLC ("JSG Capital") was a purported investment company

27  located in San Diego, California.  GILL was allegedly JSG Capital's founder, Chief Executive Officer

28  and President.  RIOS was allegedly the owner and Strategic Relationship Manager at JSG Capital.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4.      Beginning no later than in or about September 2014, and continuing to in or about May 2016, the defendants,

**JASWANT SINGH GILL and**
**JAVIER CARLOS RIOS,**

knowingly and with the intent to defraud participated in, devised, and executed a scheme and artifice to defraud investors in JSG Capital as to a material matter and to obtain money and property from those investors by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts.

5.      As part of the manner and means of the scheme to defraud, GILL, RIOS, and others at JSG Capital made false and misleading representations and promises to investors in JSG Capital, including, but not limited to, promises to purchase so-called pre-IPO shares of private companies like Uber Technologies and Airbnb using investor funds.

6.      In fact, GILL, RIOS, and others at JSG Capital fraudulently diverted and stole investor funds for their own personal use and benefit by, among other things, converting investor funds into cash, transferring investor funds to their own personal bank accounts, and using investor funds for personal expenses like rent, restaurants, nightclubs, hotels, and retail shopping.

7.      GILL, RIOS, and others at JSG Capital concealed their fraud by paying earlier investors alleged "interest" payments and so-called lulling payments using more recent investor funds in a manner that was consistent with a classic Ponzi scheme.

8.      In this manner, GILL, RIOS and others at JSG Capital raised in excess of $9.3 million in investor funds and fraudulently diverted and stole in excess of $5.5 million.

<u>COUNT ONE:</u>      (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

9.      The allegations in Paragraphs 1 through 8 are realleged and incorporated as if fully set forth here.

10.      Beginning no later than in or about September 2014, and continuing to in or about May

///

///

INDICTMENT                                      2

2016, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendants,

JASWANT SINGH GILL and
JAVIER CARLOS RIOS,

and others, did knowingly and intentionally attempt and conspire to participate in, devise, and execute a scheme and artifice to defraud investors in JSG Capital as to a material matter and to obtain money and property from those investors by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts, and, for the purpose of executing such scheme and artifice, did knowingly and intentionally cause to be transmitted, in interstate commerce, by means of a wire communication, certain writings, signs, and signals, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNT TWO:        (18 U.S.C. § 1343 – Wire Fraud)

11.     The factual allegations in paragraphs 1 through 10 are re-alleged and incorporated as if fully set forth here.

THE USE OF THE WIRES

12.     On or about August 13, 2015, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendants,

JASWANT SINGH GILL and
JAVIER CARLOS RIOS,

did knowingly cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, and signals, specifically, an electronic payment in the amount of approximately $250,000 from an account at First Republic Bank, in the name of A.B., an accountholder known to the Grand Jury, in San Francisco, California, to JSG Capital's bank account at BBVA Compass Bank in San Diego, California, which transaction was processed by computer servers outside of the state of California by the Fedwire system operated by the United States Federal Reserve Banks.

All in violation of Title 18, United States Code, Section 1343.

1    <u>FORFEITURE ALLEGATION:</u>        (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal
                                          Forfeiture)

2

3          13.    All of the allegations contained in this Indictment are re-alleged and by this reference

4    fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

5    United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

6          14.    Upon a conviction for the offenses alleged in Counts One and Two of this Indictment, the

7    defendants,

8                              JASWANT SINGH GILL and
                               JAVIER CARLOS RIOS,
9

10   shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all

11   property constituting, and derived from, proceeds the defendant obtained directly and indirectly, as the

12   result of those violations, including, but not limited to, all real property or personal property, and

13   including, but not limited to, a sum of not less than $9,300,000, representing the amount of proceeds

14   obtained as a result of the offenses and scheme to defraud alleged in Counts One and Two.

15         15.    If any of the aforementioned property, as a result of any act or omission of the

16   defendants,

17         a.     cannot be located upon the exercise of due diligence;

18         b.     has been transferred or sold to, or deposited with, a third person;

19         c.     has been placed beyond the jurisdiction of the Court;

20         d.     has been substantially diminished in value; or

21         e.     has been commingled with other property that cannot be divided without difficulty;

22   any and all interest the defendants have in other property shall be vested in the United States and

23   forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

24   ///

25   ///

26   ///

27   ///

28   ///

INDICTMENT                          4

All in violation of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:  May 24, 2016                              A TRUE BILL.


                                                  _____
                                                  FOREPERSON


BRIAN J. STRETCH
United States Attorney


_____
PHILIP A. GUENTERT
Deputy Chief, Criminal Division

Approved as to form:


_____
ADAM A. REEVES
Assistant United States Attorney

INDICTMENT                                    5