IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v. JASWANT SINGH GILL<br>_____,<br>Defendant. | No. 16-CR-00219- JSW<br><br>**APPLICATION FOR PERMISSION TO ENTER PLEA OF GUILTY AND ORDER ACCEPTING PLEA**<br>(Fed. R. Crim. P., Rules 10 and 11) |

The defendant represents to the Court:

1. My full true name is Jaswant Singh Gill. I am 49 years of age. I have gone to school up to and including high school + 3 years of college. My most recent occupation has been self-employed at JSG Capital. I request that all proceedings against me be in my true name.

2. I am represented by a lawyer; his/her name is Darlene Bagley Comstedt.

3. I received a copy of the indictment/information (as used in the Application the term indictment includes information) before being called upon to plead. I have read the indictment or a translator who speaks n/a read it to me, and I have discussed the indictment with my lawyer.

I fully understand every charge made against me. I understand these charges to be:
Count One: Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. Section 1349; and
Counts Two through Fourteen: Wire Fraud in violation of 18 U.S.C. Section 1343.

4. I have told my lawyer all the facts and circumstances known to me about the charges made against me in the indictment. I believe that my lawyer is fully informed on all such matters.

5. I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me in Counts
See attached pages.

(In the above space defendant must set out in detail in his/her own handwriting what he/she did. If more space is needed, add a separate page.)

6. My lawyer has counseled and advised me on the nature of each charge, all lesser included charges, all penalties and consequences of each charge, all possible defenses that I may have in this case and the constitutional rights I am waiving.

7. I understand that my constitutional rights are as follows:

(a) the right to a speedy and public trial by jury;

(b) the right to see all of the evidence against me and to hear all witnesses called to testify against me and to have my attorney cross-examine them;

(c) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor;

(d) the right to the assistance of a lawyer at all stages of the proceedings including trial and appeal and if I cannot afford one, to have the court appoint one to represent me without cost to me or based upon my ability to pay;

(e) the right to remain silent or to take the witness stand at my sole option and if I do not take the witness stand, no inference of guilt may be drawn from such failure and the jury must be so advised;

(f) the right against self-incrimination;

(g) the right to appeal from an adverse judgment;

(h) the right to appeal my sentence without any limitation contained in my plea agreement.

8.  I know that I may plead "NOT GUILTY" to any offense charged against me and exercise all of my rights as listed above.

9.  I know that if I plead "GUILTY" I am giving up all of the rights enumerated in paragraph 7 and that there will be no trial either before a court or jury.

10. I know that if I plead "GUILTY" the result of my plea is more than just an admission or confession of guilt and that it will result in my conviction, and that further, the court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial and been convicted by a jury.

11. My lawyer has discussed with me the maximum and minimum, if any, punishments which the law provides and the various provisions of the Sentencing Guidelines that may apply to me. I understand that the maximum punishment for the offense(s) charged in Count(s) __2-14__ of the indictment is __20__ years of imprisonment, a fine of $__$250,000__, and a period of __3__ years supervised release. I understand that there is a mandatory minimum punishment of __n/a__ years imprisonment for the offense(s) charged in Count(s) __n/a__. I also understand that the minimum period of supervised release which the court may impose is __n/a__ (if applicable) and that if I violate any condition of supervised release the release may be revoked and I may be sentenced to all or a part of the term of supervised release imposed in addition to any other term of imprisonment which I have received.

I understand that I may be assessed the costs of confinement and/or supervision. I understand that I must pay a penalty assessment of $100.00 per count to which I plead (or $25.00 in the case of misdemeanor counts). I understand that I may be ordered to pay restitution in an amount determined by the court.

I know that the sentence I will receive is solely a matter within the control of the Judge. I understand that the Judge will make no decision regarding my sentence until the Judge has read and considered the pre-sentence investigation report prepared and submitted to the court by the Probation Department.

I also understand that the court and counsel cannot promise what sentence or sentencing range will be set and that these calculations will depend upon the Sentencing Guidelines as they apply to me. I have been advised that the court may sentence within the guideline range determined by the Probation Department or may depart upward or downward from the range. However, no promises have been made to me as to the range or departure.

12. If I am on probation, supervised release or parole in this or any other court, I know that by pleading guilty here my probation, release or parole may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed upon me in this case.

13. I declare that no officer or agent of any branch of government (federal, state or local) has promised or suggested that I will receive a lighter sentence, or probation, or any other form of leniency, nor have any other promises been made if I plead "GUILTY," except as stated in the Plea Agreement I have signed, stated on the record in my entry of plea or as follows:  __None.__

_____(In the space above insert any promises or concessions made to the defendant or to his/her attorney.)

If anyone else made such a promise or suggestion, except as noted in the previous sentence, I know that person had no authority to do it. No one has forced or coerced me into entering this plea. My willingness to plead guilty (does) (does not) result from prior discussions between my attorney and the government's attorney. (If it does, state any factors that influenced you that are not reflected in the plea agreement.)

n/a

14. I believe that my lawyer has done all that a lawyer could do to counsel and assist me, and I am satisfied with the advice and help he/she has given me.

15. I know that the court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind and because I am "GUILTY," I respectfully request the

court to accept my plea of "GUILTY" and to have the clerk enter my plea of "GUILTY" as follows: _GUILTY as to Counts Two through Fourteen of the Superseding Indictment._

_____

_____

16. My mind is clear. I am not under the influence of alcohol or drugs and I am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven days are: high blood pressure medication._____

_____

_____

(If none, so state.)

17. I OFFER MY PLEA OF "GUILTY" FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS APPLICATION AND IN THE CERTIFICATE OF MY LAWYER WHICH IS ATTACHED TO THIS APPLICATION. IN OFFERING MY PLEA OF "GUILTY" I FREELY AND VOLUNTARILY WAIVE (give up) THE CONSTITUTIONAL RIGHTS GUARANTEED TO ME AS STATED IN PARAGRAPH 7 ABOVE.

18. I waive the reading of the indictment in open court, and I request the court to enter my plea of "GUILTY" as set forth in Paragraph 15 of this application.

19. I understand that all of the above statements will be made in open court under oath and that any false statements may be used against me in a prosecution for perjury or false statement which is a felony.

20. __X__ I am proficient enough in English to read the above and have read and fully understand it.

_____ I am not proficient enough in English. I speak and understand _____ which is my native language. The above was read to me in _____ and I fully understand it.

Signed by me in open court in the presence of my attorney this date: 8/11/17

_____
Defendant's Signature

**INTERPRETER CERTIFICATION**    n/a

I, _____, hereby certify that I am a duly _____ _____ interpreter in the English and _____ languages and that I read all of the above to the defendant, that he/she stated he/she fully understood it, and I am satisfied that his/her answer is true and correct.

_____
Date

_____
Interpreter's Signature

**CERTIFICATE OF COUNSEL**

The undersigned, as lawyer and counselor for the defendant __Jaswant Singh Gill__ _____, hereby certifies:

1. I have read and fully explained to the defendant and believe he/she fully understands the allegations contained in the indictment of this case, the defenses he/she may have to each and every one of the allegations and the consequences of a plea of "GUILTY," including the pertinent Sentencing Guidelines provisions and maximum and minimum penalties.

2. I believe the defendant fully understands the constitutional rights he/she is waiving and that by entering a plea of "GUILTY" he/she is waiving each and every one of those rights.

3. Nothing has come to my attention which causes me to believe that the defendant lacks the ability to understand anything contained in the attached application or that at the time of entering his/her plea he/she is under the influence of any drug or alcohol.

4. The plea of "GUILTY" offered by the defendant in Paragraph 15 accords with my understanding of the facts he/she related to me and is consistent with my advice to the defendant.

5. In my opinion the defendant's waiver of reading of the indictment in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the court that the waiver be accepted by the court.

6. Defendant has read the Plea Agreement she/he signed in the matter and I believe she/he fully understands it. I certify that no promises have been made to the defendant by the government or myself other than those contained in the Plea Agreement and if there are such other promises I must state them on the record before my client and the court.

7. In my opinion the plea of "GUILTY" offered by the defendant in Paragraph 15 of the application is voluntarily and understandingly made. I recommend that the court accept the plea of "GUILTY."

Signed by me in open court in the presence of the defendant above-named and after full discussion of the contents of this certificate with the defendant this date: _Aug. 1, 2017_

_____
Attorney for the Defendant

8

**ORDER**

I find that:

1. The defendant enters this plea of guilty freely and voluntarily and not out of ignorance, inadvertence, fear or coercion.

2. The defendant understands and knowingly, freely and voluntarily waives his constitutional rights.

3. The defendant freely and voluntarily executed the within Application and understands its contents.

4. The defendant has admitted the essential elements of the crime charged.

**IT IS THEREFORE ORDERED** that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the Application and as recommended in the certificate of his lawyer.

Done in open court this date: 8/1/17.

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

In order to make the fixed rate and/or interest payments to JSG Capital investors, I would wire the investors the amount due to them from one of the JSG Capital bank accounts, specifically the BBVA Compass account which was opened in San Diego, California. Although Javier Rios is identified as the account holder and signatory for this JSG Capital account, I was the only individual who conducted the wire transfers.

The $250,000 electronic payment made by A.B. on August 13, 2015, identified as Count Two was the result of A.B's belief that he was investing in JSG Capital's fixed index investment portfolio. Instead, unbeknownst to A.B., I used those funds to pay earlier investors' interest payments and for personal expenditures.

The $20,000 electronic payment made by R.M. on May 12, 2015, identified as Count Three was the result of R.M's belief that he was investing in JSG Capital's fixed index investment portfolio. Instead, unbeknownst to R.M., I used those funds to pay earlier investors' interest payments and for personal expenditures.

Further, I admit that between June 15, 2015, and May 18, 2016 I caused the eleven (11) wire transfers identified in Counts Four through Fourteen to be made from the JSG Capital account at BBVA Compass Bank to the account belonging to R.M. at Union Bank. These transfers constituted interest rate payments to R.M. for what he believed to be payments for his fixed rate of return investment, but which in fact were payments funded by more recent investors.

Signed- *[signature]*

Case 4:16-cr-00219-JSW   Document 56   Filed 08/02/17   Page 11 of 11